IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,                    ORDER

           v.                               09-cr-44-bbc-01

LESLIE LETTS,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Leslie Letts' supervised release was held on October 20, 2010, before U. S. District Judge Barbara B. Crabb.  The government appeared by Assistant U. S. Attorney David J. Reinhard.  Defendant was present in person and by counsel, Associate Federal Defender Kelly A. Welsh.  Also present was U. S. Probation Officer Michael J. Nolan.

From the record and defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Northern District of Illinois on October 29, 2004, following his conviction for using facility or means of interstate commerce to persuade, induce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). This offense is a Class B felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of 60 months' imprisonment followed by 60 months' supervised

release.

On January 3, 2009, defendant began his term of supervised release in the Western District of Wisconsin.  On April 1, 2009, the Western District of Wisconsin accepted jurisdiction of defendant's term of supervision from the Northern District of Illinois.  On April 21, 2009, the court modified defendant's supervision conditions to include the addition of Special Condition No. 8, authorizing the use of polygraph testing for sex offender treatment and supervision.  On February 12, 2010, defendant's supervision conditions were modified again to include the addition of Special Condition No. 9, which requires defendant to notify his probation officer of any computer or computer device he wanted to use, and authorized monitoring by the probation office of those devices.

On September 24, October 4, and October 5, 2010, defendant violated Special Condition No. 7 and Special Condition No. 9, prohibiting him from accessing a computer without prior permission from his probation officer, when he used a public computer in the Milton, Wisconsin public library without the permission of his probation officer.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of

2

3 to 9 months.  Under 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment upon revocation is 36 months because the original offense was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range to hold defendant accountable for his violations, and protect the community.


ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 29, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months, with a 24-month term of supervised release to follow. All standard and special conditions previously imposed are reinstated along with the addition of the following special condition:

Special Condition No. 10:   "Spend 90 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy.  Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence."

3

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.  Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 20th day of October 2010.

BY THE COURT:
/s/
BARBARA B. CRABB

U.S. District Judge